FILED
2015 Nov-30 AM 10:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

**In re: Ahmed Rumon**     )
                           )
                           )

## Motion for Order to Administer Medical Care

Comes now the United States of America and hereby seeks relief in the form of allowing the necessary and reasonable steps to require life sustaining nutritional and medical care of Ahmed Rumon, A# 0555 until such time as a hearing may be properly held before the court.  Mr. Rumon is currently refusing food and medical care which the undersigned has been informed could result in his imminent death. "[A]bsent exceptional circumstances prison officials may forcefeed a starving inmate actually facing the risk of death."  See Freeman, 441 F. 3d at 543, 546 (7th Cir 2006). Furthermore, the right to refuse medical treatment has been addressed in Cruzan v. Dir, Mo Dept of Health:

> The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." The principle that a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment may be inferred from our prior decisions. In *Jacobson v. Massachusetts,* 197 U.S. 11, 24-30, 25 S.Ct. 358, 360-361, 49 L.Ed. 643 (1905), for instance, the Court balanced an individual's liberty interest in declining an unwanted smallpox vaccine against the State's interest in preventing disease. Decisions prior to the incorporation of the Fourth Amendment into the Fourteenth Amendment analyzed searches and seizures involving the body under the Due Process Clause and were thought to implicate substantial liberty interests. See, *e.g., Breithaupt v. Abram,* 352 U.S. 432, 439, 77 S.Ct. 408, 412, 1 L.Ed.2d 448 (1957) ("As against the right of an individual that his person be held inviolable ... must be set the interests of society ...").

>.......We do not think a State is required to remain neutral in the face of an informed and voluntary decision by a physically able adult to starve to death. As a general matter, the States-indeed, all civilized nations-demonstrate their commitment to life by treating homicide as a serious crime. Moreover, the majority of States in this country have laws imposing criminal penalties on one who assists another to commit suicide.[8] We do not think a State is required to remain neutral in the face of an informed and voluntary decision by a physically able adult to starve to death.

Cruzan v. Dir, Mo Dept of Health, 497 U.S. 261, 280 (June 25, 1990)

In sum, if the detainee can show by clear and convincing evidence that he is competent, he may have a constitutional interest to be free from forced medical treatment only. Thus, the United States respectfully requests that this showing needs to be made before a Court of competent jurisdiction and request a hearing be set within the next 48 hour to make a determination regarding the medical treatment of Mr.Rumon.

WHEREFORE, the United States seeks an Order permitting nutritional and medical treatment of Mr.Rumon until such time as a hearing can be set by the court to make a determination regarding the further treatment of Rumon.

Respectfully submitted this the 28th day of November, 2015.

JOYCE WHITE VANCE
UNITED STATES ATTORNEY

/s/ Lane H Woodke
Lane H Woodke
Assistant United States Attorneys
1801 4th Avenue North
Birmingham, AL 35203